MCGREGOR W. SCOTT
United States Attorney
KATHLEEN A. SERVATIUS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:19-CR-00007 NONE-BAM |
|---|---|
| Plaintiff, | **STIPULATION TO CONTINUE STATUS CONFERENCE DATE AND ORDER** |
| v. | |
| HECTOR OCHOA RUIZ, ET. AL. | Date: March 23, 2020 |
| Defendants. | Time: 1:00 p.m. |
| | Honorable Barbara A. McAuliffe |

The United States of America, by and through MCGREGOR W. SCOTT, United States Attorney, and KATHLEEN A. SERVATIUS and KATHERINE E. SCHUH, Assistant United States Attorneys, and the defendants, by and through their respective attorneys of record, hereby stipulate to continue the status conference in this case from March 23, 2020 until June 8, 2020 at 1:00 p.m

On March 17, 2020, this Court issued General Order 611, which suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. This General Order was entered to address public health concerns related to COVID-19.

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no

Stipulation to Continue Trial Date and Trial Confirmation                    1

exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Order excludes delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the [event].  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and

through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on March 23, 2020.

2. By this stipulation, defendant now moves to continue the status conference until June 8, 2020, and to exclude time between March 23, 2020, and June 8, 2020, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case includes voluminous investigative reports, wire interceptions recordings and electronic messages, precise location information data, and more. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

    b) Counsel for defendants desires additional time to review discovery and to confer with their respective clients regarding a potential resolution of this matter.

    c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d) The government does not object to the continuance.

    e) In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible. It will be difficult to avoid personal contact should the hearing proceed.

    f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 23, 2020 to June 8, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest

of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: March 18, 2020                                MCGREGOR W. SCOTT
                                                    United States Attorney

                                                    /s/ *Kathleen A. Servatius*
                                                    KATHLEEN A. SERVATIUS
                                                    Assistant United States Attorney

DATED:  March 18, 2020          /s/ Matthew Lombard
                                Matthew Lombard
                                Attorney for Defendant Manuel Jesus Delgado Montenegro

DATED:  March 18, 2020          /s/ Daniel L. Harralson
                                Daniel L. Harralson
                                Attorney for Defendant Ricardo Andrade

DATED:  March 18, 2020          /s/ Roger D. Wilson
                                Roger Dale Wilson
                                Attorney for Defendant Miguel Meza

DATED:  March 19, 2020          /s/ Mark Wade Coleman
                                Mark Wade Coleman
                                Attorney for Defendant Eleuterio Rosales Martinez

DATED:  March 18, 2020          /s/ Kevin P. Rooney
                                Kevin P. Rooney
                                Attorney for Defendant Miguel Angel Calderon

DATED:  March 18, 2020          /s/ Farid Yadegar
                                Farid Yagedar
                                Attorney for Defendant Olga De-Servin

DATED:  March 19, 2020          /s/ David Arredondo
                                David Arredondo
                                Attorney for Defendant Jesus Manuel Astorga

Stipulation to Continue Trial Date and Trial Confirmation                    4

| | |
|---|---|
| DATED:  March 18, 2020 | /s/ Dale A. Blickenstaff<br>Dale A. Blickenstaff<br>Attorney for Defendant Jose Luis Robledo Carranza |
| DATED:  March 18, 2020 | /s/ Mark A. Broughton<br>Mark A. Broughton<br>Attorney for Defendant Pedro Garcia |
| DATED:  March 18, 2020 | /s/ Carol Ann Moses<br>Carol Ann Moses<br>Attorney for Defendant Ronnie Mesa, Jr. |
| DATED:  March 18, 2020 | /s/ Richard M. Oberto<br>Richard M. Oberto<br>Attorney for Defendant Hector Antonio Ochoa Ruiz |

**ORDER**

IT IS HEREBY ORDERED that the 4th status conference in this case be continued from March 23, 2020 until June 8, 2020 1:00 PM before Magistrate Judge Barbara A. McAuliffe.

IT IS FURTHER ORDERED THAT the ends of justice served by the schedule set forth herein as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation.  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 23, 2020 through June 8, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **March 19, 2020**                    /s/ Barbara A. McAuliffe
                                                                  UNITED STATES MAGISTRATE JUDGE