**CAROL ANN MOSES  #164193**
Attorney at Law
7636 N. Ingram Ave., #104
Fresno, California  93711
Telephone:  (559) 449-9069
Facsimile:    (559) 513-8530
carol@yosemitelawyer.com

Attorney for Defendant,
RONNIE MESA, JR.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 1:19-cr-00007-NONE-BAM |
| ) | |
| Plaintiff, ) | |
| ) | STIPULATION TO CONTINUE STATUS |
| ) | CONFERENCE AND ORDER |
| vs. ) | |
| ) | |
| ) | |
| HECTOR OCHOA, ET AL. ) | Date:  September 14, 2020 |
| ) | Time:  1:00 PM |
| ) | Judge: Hon. Barbara A. McAuliffe |
| Defendants. ) | |
| _____) | |

**IT IS HEREBY STIPULATED** by and between all Defendants and their respective attorneys of record and Assistant United States Attorney, KATHLEEN SERVATIUS, that the Status Conference in the above-captioned matter currently scheduled for June 8, 2020 at 1:00 PM be continued until September 14, 2020 at 1:00 PM.

RICHARD OBERTO, Attorney for Defendant HECTOR ANTONIO OCHOA RUIZ will file a separate Status Report. Mr. Oberto has no objection to September 14, 2020 for a continued Status Conference.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further notice. This General Order was entered to address public health concerns related to COVID-19. Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial

Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 21, 2021.

Although the General Orders and declaration of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States,* 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id*. at 509;*see also United States v. Ramirez-Cortez*, 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act – which *Zedner* emphasizes as both mandatory and inexcusable – General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason of finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7)(Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandimics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends of justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed*. Id.* at 767-68, *see also United States v. Correa,* 182 F. Supp. 326, 329 (S.D.N.Y 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The Coronavirus posing a similar, albeit

more enduring, barrier to the prompt proceedings mandated by the statutory rules will impact court staff and operations." General Order 618, P.7 (E.D. Cal. May 13, 2020).

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, 18 U.S.C. § 3161(h)(7)(Local Code T4). If continued, this Court should designate a new date for the Status Conference. *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

The parties request that time be excluded between June 8, 2020 and September 14, 2020 for the following reasons: defense attorneys require additional time to consult with clients, to review the current charges, to conduct investigation and research related to the charges, to review and copy discovery for this matter, to discuss potential resolutions with clients, to prepare pretrial motions, and to otherwise prepare for trial. Defense investigation has been slowed by the inability to review discovery with clients and communication has been hampered given the conditions at the jail. The case involves several seizures, approximately 10,300 pages of discovery, and discovery in the form of several gigabytes. The proposed Status Conference date represents the earliest date that all counsel are available thereafter, taking into account counsels' schedules, defense counsels' commitments to other clients, and the need for preparation and further investigation in the case. In addition, due to the public health concerns cited by General Order 611, 612, 617, and 618 and the judicial declaration of emergency presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel and other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible.

The parties further believe that time should be excluded, in that failure to grant the requested case schedule would unreasonably deny the defendants' continuity of counsel. And unreasonably deny both the defense and the government the reasonable time necessary for effective preparation, taking into account the parties' due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

Based on the above stated findings, the ends of justice served by the schedule as requested

outweigh the interest of the public and the defendant[s] in a trial within the original date prescribed by the Speedy Trial Act. Therefore, the parties respectfully request that the Court exclude the time until the new hearing date from calculations under the Speedy Trial Act and continue the Status Conference in the above-captioned matter currently scheduled for June 8, 2020 at 1:00 PM be continued until September 14, 2020 at 1:00 PM.

Dated: May 27, 2020         /s/ Carol Ann Moses
                            CAROL ANN MOSES
                            Attorney for Defendant,
                            RONNIE MESA, JR.

Dated: May 27, 2020         /s/ Matthew Lombard
                            MATTHEW LOMBARD
                            Attorney for Defendant,
                            MANUEL DE JESUS DELGADO MONTENEGRO

Dated: May 27, 2020         /s/ Daniel Harralson
                            DANIEL HARRALSON
                            Attorney for Defendant,
                            RICARDO ANDRADE

Dated: May 27, 2020         /s/ Roger Wilson
                            ROGER WILSON
                            Attorney for Defendant,
                            MIGUEL MEZA

Dated May 27, 2020          /s/ Mark Coleman
                            MARK COLEMAN
                            Attorney for Defendant,
                            ELEUTERIO ROSALES MARTINEZ

Dated: May 27, 2020         /s/ Kevin Rooney
                            KEVIN ROONEY
                            Attorney for Defendant,
                            MIGUEL ANGEL CALDERON

Dated: May 27, 2020         /s/ Farid Yadegar
                            FARID YADEGAR
                            Attorney for Defendant,
                            OLGA DE-SERVIN

STIPULATION TO CONTINUE STATUS
CONFERENCE; [PROPOSED] ORDER THEREON                                     4

| | |
|---|---|
| Dated: May 27, 2020 | */s/ David Arredondo* |
| | DAVID ARREDONDO |
| | Attorney for Defendant, |
| | JESUS MANUEL ASTROGA |
| | |
| Dated: May 27, 2020 | */s/ Dale Blickenstaff* |
| | DALE BLICKENSTAFF |
| | Attorney for Defendant, |
| | JOSE LUIS ROBLEDO CARRANZA |
| | |
| Dated: May 27, 2020 | */s/ Mark Broughton* |
| | MARK BROUGHTON |
| | Attorney for Defendant, |
| | PEDRO GARCIA |
| | |
| Dated: May 27, 2020 | */s/ Kathleen Servatius* |
| | KATHLEEN SERVATIUS |
| | Assistant United States Attorney |

## **ORDER**

IT IS SO ORDERED that the Status Conference is continued from June 8, 2020, to **September 14, 2020, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**. Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   **May 28, 2020**                              /s/ *Barbara A. McAuliffe*
                                                                        UNITED STATES MAGISTRATE JUDGE