Law Office of David Arredondo
Bar No 68635
3232 Tyler Avenue
El Monte, CA 91731
Tel: 626 825-0003
darredondolaw@gmail.com

Attorney for Defendant
JESUS MANUEL ASTORGA

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff(s), <br><br> vs. <br><br> JESUS MANUEL ASTORGA, <br><br> Defendant(s). | Case No.: 19-cr-00007-7 <br><br> **SENTENCING MEMORANDUM** <br><br><br><br><br> Date: Nov. 18, 2022 <br> Time: 9:00 a.m. <br> Ctrm: 4 <br><br> Hon. Jennifer L. Thurston |

COMES NOW, JESUS MANUEL ASTORGA, the herein defendant, by and through his attorney of record, David Arredondo, who submit the following sentencing position:

# I
# INTRODUCTION

On May 27, 2022, the defendant pled guilty to one count of a nine-count Superseding Indictment. Count I, charges Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C., Section 846 and 841(a)(1). The defendant's conduct is associated with 11.6 kilograms of methamphetamine. Given a Criminal History Category of I, and adjustments for acceptance of responsibility and role (as an organizer-leader), the defendant's

total offense level is 37. The minimum term of imprisonment is 10 years, and the guideline imprisonment range is 210 to 262 months. (PIR p. 12, para. 79-80) The PIR recommends a term of imprisonment of 210 months (17.5 years).

Co-defendants have been sentenced to the following terms of imprisonment: (4) Eleuterio Rosales Martinez, 42 months BOP; (5) Miguel Angel Calderon, 42 months BOP; (8) Jose Luis Robledo Carranza, 70 months BOP; (9) Pedro Garcia, 94 months BOP; (11) Hector Antonio Ochoa Ruiz, 90 months BOP; and, in a related case, Eladio Felix-Leon, 108 months BOP. (PIR p. 2)

## II
## FACTORS UNDER 18 U.S.C., Sect. 3553(a)

The defendant is a 42 year old man, born in Mexico to a poor family. Two of his siblings have died of cancer: his sister died five months ago and his brother died six years ago. His early childhood recollections include being sexually abused when he was 11 or 12 years old. He came to the United States when he was 13 years old. He attended Porterville High school from which he dropped out in order to work and help-out the family financially.

Over the past 20 years he has had a relationship with Angelica Diaz, age 43, with whom he has had two children: Judy, age 17, and Ivan, age 15. Ivan recently had open heart surgery to repair and artery. To support this family the defendant worked as an agricultural field laborer and in packing sheds.

The defendant's physical condition is not good. He suffers from a hernia, arthritic bones, blurred vision, diabetes (necessitates insulin injections), numbness on the left side of his body, and bumps on his penis. Compounding his poor physical condition is a severe substance abuse problem. Prior to the defendant's arrest, he consumed alcohol to the point of losing consciousness. He also used cocaine, which was his drug of choice, and methamphetamine, which he started using at age 37. The defendant attributes his criminal conduct to this heavy dependence on drugs.

//

## III
## GUIDELINE CALCULATION

PIR and government designate the defendant as a leader-organizer, thereby disqualifying him from a 2-level reduction and possible departure to a sentence under the 10-year minimum. "Although the evidence of [a defendant's] general coordination of criminal activities is not itself enough to show that he was an 'organizer,' [for U.S.S.G., Sect 3B1.1 purposes] the entire record of evidence suffices to show that the District Court did not err in finding that he was [for purposes of safety valve disqualification]." *United States v. Hernandez*, 964 F.3d 95, at 102 (1st Cir. 2020).

Here the entire record shows that the defendant's participation in the criminal conduct was coextensive with that of the other charged codefendants, but not clearly in the capacity of leader-organizer. See, for example, paragraph 13 of the PIR, wherein codefendant Garcia is initiating the transaction with codefendant Mesa, and thereafter Garcia appears to negotiate the price with defendant. That is, the defendant appears to be the source, but not the person initiating the transaction or directing the other two parties on what to do. Garcia received a sentence of 94 months. Except for Felix-Leon in a related case (108 months), the other defendants received much lesser sentences.

It would appear that an appropriate sentence is the 10-year minimum (120 months).. This would bring the defendant's sentence within the realm of sentences for those similarly situated, but it would still be high enough to account for the leader-organizer allegation. Prior to sentence, the Court, of course, can direct that the matter be further considered in light of safety valve issues raised herein..

## CONCLUSION

For the foregoing reasons the term of sentence sought should be granted.

DATED: November 17, 2022

/s/ *David Arredondo*
David Arredondo, Atty. for Defendant

# PROOF OF SERVICE
## ☒ CM/ECF; [ ]Personal Service; [ ]Mail; [ ]Fax; [ ]Email

1. At the time of service I was at least 18 years of age and not a party to this action. My residence or business address is 3232 Tyler Avenue, El Monte, CA 91731, and I am a resident or employee or said place.
2. I served a copy of the ___Sentencing Memo.___ as follows (check either "a", "b", "c", "d" or "e"):

    a. ☒ **CM/ECF**. Those parties who are registered CM/ECF members and parties to this action are served electronically by automatic means. All other parties are served as noted below.

    b. [ ]**Personal Service**. I personally delivered the foregoing document or papers as follows:
        (1) Person Served:
        (2)     Address:

        (3)   Date Served:
        (4)   Time Served:

    c. [ ]**Mail**. I deposited the foregoing document or papers in the United States mail, in a sealed envelope, with postage prepaid. The envelope was addressed as follows:
        (1) Person Served:
        (2)     Address:

        (3)   Date of Mail:
        (4)   Place of Mail:

    d. [ ]**Fax**. I transmitted via facsimile the forgoing documents or papers as follows:
        (1) Sending fax:
        (2) Rec'ing fax:
        (3) Trans. date:
        (4)    Attention:

    e. [ ]**Email**. I Emailed the foregoing documents as follows:
        (1) Email address:
        (2) Person served:
        (2)       Date:

    ☒**Federal**. I declare under the laws of the United States of America that the foregoing is true and correct.
    [ ]**State**. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: __11/17__, 20__22__

    ___David Arredondo___    ___[signature]___
    (type or print name)    (signature)