1  PHILLIP A. TALBERT
   United States Attorney
2  KIMBERLY A. SANCHEZ
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile: (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8                  IN THE UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA, | CASE NO. 1:19-CR-0007 JLT-BAM |
   |---|---|
12 | Plaintiff, | GOVERNMENT'S RESPONSE/ OPPOSITION TO DEFENDANT'S SENTENCING MEMORANDUM/ FORMAL OBJECTIONS TO THE PRESENTENCE REPORT AND SENTENCING MEMORANDUM |
13 | v. | |
14 | JESUS MANUEL ASTORGA, | |
15 | Defendant. | DATE: December 2, 2022<br>TIME: 8:30 a.m.<br>COURT: Hon. Jennifer L. Thurston |

16

   On November 17, 2022, defendant Ricardo ANDRADE filed a "Sentencing Memorandum," but
17
   the government interpreted one segment in the document to be the equivalent of a formal objection to
18
   the Presentence Investigation Report ("PSR"). As such, at the scheduled sentencing on Friday,
19
   November 18, 2022, the government requested and the Court granted it permission to file an opposition
20
   to the defendant's filing. The government now files this opposition to the objection raised in the
21
   sentencing memorandum. The government joins in the U.S. Probation Office's recommendation as to
22
   the guideline range and for a low-end guideline sentence of 210 months imprisonment.
23
       Specifically, defense comments that:
24
          Here the entire record shows that the defendant's participation in the
25        criminal conduct was coextensive with that of the other charged
          codefendants, but not clearly in the capacity of leader-organizer. See, for
26        example, paragraph 13 of the PIR, wherein codefendant Garcia is
          initiating the transaction with codefendant Mesa, and thereafter Garcia
27        appears to negotiate the price with defendant. That is, the defendant
          appears to be the source, but not the person initiating the transaction or
28        directing the other two parties on what to do.

   GOVERNMENT'S OPPOSITION TO DEFENDANT'S OBJECTIONS        1
   TO THE PSR AND SENTENCING MEMORANDUM

Defendant's Sentencing Memorandum, CR 366 at 3.[1]  However, the record is clear that Astorga meets the definition of a leader or organizer as defined in USSG, § 3B1.1(c) warranting a 2-level offense level increase.  PSR at ¶ 35.  § 3B1.1(c) establishes a 2-level increase where "defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b) . . ."  The government must establish this enhancement by a preponderance of the evidence.  *United States v. Maldonado*, 215 F.3d 1046, 1051 (9th Cir. 2000).

This two- level enhancement is supported where the evidence shows the defendant supervised or exercised authority over only one other participant.  *Id.* At 1050.  Moreover, a single event is enough to support the enhancement.  *Id.*  The district court can use evidence in the PSR to make a preponderance of the evidence finding that the facts supporting the enhancement exist.  *Id*. at 1052.

The government presented a preponderance of the evidence that Astorga is a leader through facts established in the PSR.  The PSR highlights three instances in which Astorga arranged to sell methamphetamine to others, and then directed Jose Luis Robledo Carranza (Robledo) to deliver the drugs to the buyer and engage in other activities related to the drug sales.  PSR at ¶¶ 4 – 20.  On October 30 and December 14, 2018, and January 1, 2019, Astorga offered/ agreed to sell multiple pounds of methamphetamine to there different customers.  PSR at ¶¶ 6, 13, and 19.  In each of these instances, Astorga then called codefendant Robledo and directed him to deliver the drugs.  PSR at ¶¶ 7, 14 – 15, and 19.  In total, these three transactions involved Astorga arranging to sell 12 pounds of methamphetamine and then directing Robledo make the deliveries, among other activities (such as gathering the drugs for the sale, collecting money, etc.).  PSR at ¶¶ 4 – 20.  Additionally, on January 23, 2019, officers seized over 6 kilograms of "ice" from Robledo's residence, and Astorga admitted Robledo was storing the "ice" at Astorga's request.  Astorga Plea Agreement, CR 366 at p. 9.  Thus, the government presented by a preponderance of the evidence, evidence sufficient to establish that Astorga directed, supervised and managed another participant – Robledo – to engage in activities to consummate at least three drug transactions Astorga arranged.  This is sufficient to establish Astorga's leadership role

---

[1] While defendant makes this statement challenging Probation's recommendation the Court find Astorga to be a organizer and leader, he concedes that a defendant can be an organizer/ leader for safety valve purposes, even if not for an offense level enhancement.  Defendant's Sentencing Memo, CR 341 at 3.

warranting a 2-level enhancement in his offense level as recommended by Probation.[2]

Moreover, the government requests the Court to follow Probation's recommendation of a 210 month low-end guideline sentence. Astorga was an organizer-leader in a drug trafficking organization trafficking significant quantities of methamphetamine. Astorga was involved in at least 11.6 kilograms of "ice," which is extremely pure methamphetamine. He not only arranged and directed multiple multi-pound drug trafficking transactions discovered through a longterm investigation, he directed Robledo to store multi-kilograms of "ice" for him (Astorga).

## I. CONCLUSION

The government respectfully requests to the extent that Astorga raised an objection to the PSR, that the Court overrule it and impose a sentence of 210 months, the low end of the sentencing guideline range.

Dated: November 28, 2022

PHILLIP A. TALBERT
United States Attorney

By: /s/ KIMBERLY A. SANCHEZ
KIMBERLY A. SANCHEZ
Assistant United States Attorney

---

[2] Defendant argues that the drug deal between Garcia and Astorga evidences Astorga not being a leader-organizer because Garcia initiated the transaction with a co-defendant, Ronnie Mesa, Jr. and Astorga did not initiate the transaction or direct the other two as to what to do. Defendant's Sentencing Memo, p. 3. However, that is not supported by the facts established in the PSR or in the plea agreement (CR 341), which evidence Astorga was Garcia's source of supply, and Astorga directed Robledo to assist in a December 15, 2018 delivery. PSR ¶¶ 13 – 16; Plea Agreement, CR 341, p. 8. This evidences Astorga's leadership role over Robledo.