FILED
APR 10 2024
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

JESUS MANUEL ASTORGA #77995-097
UNITED STATES PENITENTIARY
3901 klein Blvd.
Lompoc, CA. 93436

JESUS MANUEL ASTORGA,
    Petitioner,

vs.

UNITED STATES OF AMERICA,
    Respondant.

Case No. 1:19-CR-00007-007

MOTION FOR REDUCTION OF SENTENCE
PURSUANT TO 18 U.S.C. SECTION 3582(c)(2)
IN LIGHT OF THE AMENDMENT 821.

RECEIVED
APR 10 2024
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

NOW COMES, Petitioner Jesus Manuel Astorga Pro se, moving this Honorable court to entertain this motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2), in which the United States Sentencing Commission on August 24, 2023, unanimously agreed to the retroactive application of Amendment 821 for the criminal history and zero points offenders, the proposed amendment also provides a new range for the sentencing proceedings and entering order to reducing the defendant's term of imprisonment, has an effect on or after February 1, 2024.

In light of the aforementioned synopsis, the petitioner moves humbly before this court requesting the application of the retroactive Amendment 821, in which petitioner meets the criteria therein, in support thereof, petition states the following:

### I. STATEMENTS OF LAW.

1. Section 3582(c)(2) of title 18, United States Code, provides that "in case of a defendant who has been sentence to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, pursuant to 18 U.S.C. section 994(o), Upon motion of the defendant or the director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set for in section 3553(a),"to extend that they are applicable, if such reduction is consistent with the applicable policy statements issued by the sentencing commission."

2. On November 1, 2023, the Amendment 821 became effective, this would reduce defendants offense level by two points and this would apply retroactively. The First Step Act's Amendment to 18 U.S.C. section 3582, provides an example of such specific authorization. Section 3582(c)(2) authorizes district court's to reduce the sentence of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been lowered by the Sentencing Commission, in which is applicable to petitioner.

## II. RELEVANT FACTS.

1. Defendant was convicted in the above District Court for violating 21 U.S.C. section 846 and 841

2. On 03/20/2023 the district court sentence petitioner to be imprisoned for a term of 60 months on the level 25 in which the sentencing range lowered by the sentencing commission made retroactive would put petitioner to level 23 to 49 months mandatory minimum.

3. Factor to consider set for in section 3553(a), "Rehabilitation", Petitioner has taken every advantage of every single prison rehabilitation program, worthy of recongnition and considerable for this sentencing reduction request.

4. Petitioner has maintained clear conduct, no incident report or disciplinary action was ruled on him.

5. In the case of the petitioner, under tha factors set forth in section 3553(a) defendant alleged role in the underlying offense, does not pose any threat to public safety and petitioner case is not one of violent nature. Therefore Petitioner here meets the stablished criteria by Congress.

Under the discretion of the Honorable Judge, the court makes two determinations deciding whether or not to modify a sentence under 3582(c)(2). First, what sentence would have been imposed had retroactive amendment been in effect at the time the defendant was sentenced; second, leaving untouched all the others previous factual decisions concerning tha particularized sentencing factors, what sentence it would have imposed, had the new sentencing range been the range at the time of the original sentence. See U.S. V. Wyatt, 115 F 3d. 606, 609 (8th Cir.)

CONCLUSION.

Wherefore, for the above mentioned reasons, petitioner is entitled to a reduction of sentence, this court should Grant the reduction of sentence under the Amendment 821 retroactive.

Date: April, 05, 2024.                Respectfully Submitted

*Manuel Astorga*
JESUS MANUEL ASTORGA

CERTIFICATE OF SERVICE

I, Jesus Manuel Astorga hereby certify that I have served a true copy of the above styled motion upon the United Staes District court and all parties of the record will receive notice through the Court's electronic database.
   This motion was delivered to prison authority on 4/05/2024 for forwarding which is deemed filed at that time according to Houston v. Lack, 487 U.S. 266-(1998).

Signature: *Manuel Astorga*

JESUS MANUEL ASTORGA
Reg. No.- 77995-097
FCC Lompoc II
3901 Klein Blvd.
Lompoc, CA. 93436-2706
Pro se.